**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**THIRD DIVISION**

---

GLENN HOLLAND SCHUBACH, individually and on behalf of all others similarly situated,

Plaintiff,

v.

CORINTHIAN MORTGAGE CORPORATION,

Defendant.

Civil No. 01-1623 ADM/AJB

**REPORT AND RECOMMENDATION**

---

Defendant removed this case from the District Court of Hennepin County, Minnesota, alleging this Court has jurisdiction under 28 U.S.C. §§ 1331 & 1332. The Court, *sua sponte*, raised the issue of subject matter jurisdiction. The parties have briefed the matter, which is now before the undersigned United States Magistrate Judge for Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1.

Having reviewed the matter, and based on the file, affidavits, and memoranda, the Court concludes that Defendant has not demonstrated the existence of federal subject matter jurisdiction. Therefore,

IT IS HEREBY RECOMMENDED THAT:

1. This case be remanded to the District Court of Hennepin County, Minnesota.

Dated: January 7, 2002

Arthur J. Boylan
UNITED STATES MAGISTRATE JUDGE

FILED JAN 07 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

**MEMORANDUM**

A. Diversity Jurisdiction

There is no dispute that the parties are from different states. The issue is whether the amount in controversy exceeds $75,000. Here, the complaint does not seek a specific amount. Therefore, Defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. Dyrda v. Wal-Mart Stores, Inc., 41 F.Supp.2d 943, 948 (D. Minn. 1999).

To meet its burden, Defendant asks the Court to consider the cost of compliance with the requested injunctive relief. In so doing, Defendant asks the Court to adopt an analysis, which has been rejected by two other courts in this district. Blair v. Source One Mortgage Serv. Corp., 925 F.Supp. 617, 622-24 (D. Minn. 1996) (Erickson, Mag. J.); Crosby v. Aid Ass'n for Lutherans, 199 F.R.D. 636, 638-39 (D. Minn. 2001) (Davis, J.). The Court declines to do so. The amount in controversy must be considered from Plaintiff's viewpoint. Defendant has not shown that the value of this case, from the perspective of each (or any) class member, exceeds $75,000.

B. Federal Question Jurisdiction

The complaint alleges that Defendant violated certain HUD regulations and, in so doing, breached the at-issue mortgage contract. Defendant contends, therefore, that the complaint gives rise to federal question jurisdiction.

Defendant relies on upon Franchise Tax Board v. Construction Laborers Vacation Trust, 463 U.S. 1, 103 S.Ct. 2840, 77 L.Ed.2d 420 (1983). In Franchise Tax Board, the Supreme Court wrote, "We have often held that a case 'arose under' federal law where the vindication of a right

under state law necessarily turned on some construction of federal law . . . ." Id. at 9, 103 S.Ct. at 2846. The Court, however, feels constrained by the more recent decision of Merrell Dow Pharmaceuticals Inc. v. Thompson, 478 U.S. 804, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986). First, the Merrell Dow court appears to have backed off from the language just quoted from Franchise Tax Board. Id. at 809, 106 S.Ct. at 3232 ("Our actual holding in Franchise Tax Board demonstrates that this statement must be read with caution . . . .") (underscore added). Next, the Merrell Dow court proceeded to

> conclude that a complaint alleging a violation of a federal statute as an element of a state cause of action, when Congress has determined that there should be no private, federal cause of action for the violation, does not state a claim "arising under the Constitution, law, or treaties of the United States."

Id. at 817, 106 S.Ct. at 3237.

Therefore, in order to demonstrate that this case arises under federal law, Defendant must show that Congress intended a private, federal cause of action for a violation of the at-issue HUD regulations. Defendant has entirely failed to do so.

AJB